No. 22-60397

---

IN THE

# United States Court of Appeals for the Fifth Circuit

---

HEALTHY GULF AND SIERRA CLUB,
*Petitioners*,

*v.*

UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL STEPHEN MURPHY, in his official capacity as New Orleans District Commander, U.S. Army Corps of Engineers; and MARTIN MAYER in his official capacity as Chief Regulatory Division, New Orleans District, U.S. Army Corps of Engineers,
*Respondents*.

---

On Petition for Review of Order of the U.S. Army Corps of Engineers, Agency Permit No. MVN-2016-01501-WII

---

## UNOPPOSED MOTION OF DRIFTWOOD LNG LLC AND DRIFTWOOD PIPELINE LLC FOR LEAVE TO INTERVENE

---

Gregory G. Garre
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC 20004
(202) 637-2207
gregory.garre@lw.com

Robert M. Loeb
Lisa M. Tonery
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
(202) 339-8400
rloeb@orrick.com

*Counsel for Driftwood LNG LLC and Driftwood Pipeline LLC*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rules 27.4 and 28.2.1, the number and style of the case are: Case No. 22-60397, *HEALTHY GULF AND SIERRA CLUB v. UNITED STATES ARMY CORPS OF ENGINEERS; COLONEL STEPHEN MURPHY, in his official capacity as New Orleans District Commander, U.S. Army Corps of Engineers; and MARTIN MAYER in his official capacity as Chief Regulatory Division, New Orleans District, U.S. Army Corps of Engineers*.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

<u>Petitioner</u>

Healthy Gulf
Sierra Club

Counsel: Sierra Club
Louisa Eberle
Thomas Gosselin

<u>Respondent</u>

United States Army Corp of Engineers
Stephen Murphy, in his official capacity as New Orleans District Commander, U.S. Army Corps of Engineers
Martin Mayer, in his official capacity as Chief, Regulatory Division, New Orleans District, U.S. Army Corps of Engineers

Counsel: Justin Heminger
David R. Cooper
Mark T. Esper
Stephen Roth
Todd T. Semonite

Proposed Respondent-Intervenor

Driftwood LNG LLC
Driftwood Pipeline LLC

Driftwood LNG LLC and Driftwood Pipeline LLC are wholly owned subsidiaries of Tellurian Inc., a publicly traded Delaware corporation with headquarters in Houston, Texas.

Counsel: Robert M. Loeb
Lisa M. Tonery
Gregory M. Garre
Janice Schneider

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/Robert M. Loeb*
Robert M. Loeb
*Counsel for Driftwood LNG LLC and Driftwood Pipeline LLC*

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27 and Fifth Circuit Rule 15.5, Driftwood LNG LLC ("Driftwood LNG"), and Driftwood Pipeline LLC ("Driftwood Pipeline") (collectively, "Driftwood") hereby move for leave to intervene as party-respondents in the above-captioned proceeding.

Pursuant to Fifth Circuit Rule 27.4, Driftwood has consulted with counsel for Petitioners, Healthy Gulf and the Sierra Club; and for Respondents, the United States Army Corps of Engineers, Colonel Stephen Murphy (in his official capacity as New Orleans District Commander, U.S. Army Corps of Engineers), and Martin Mayer (in his official capacity as Chief Regulatory Division, New Orleans District, U.S. Army Corps of Engineers). Driftwood is authorized to represent that the Petitioners and Respondents both consent to this Motion.

## INTRODUCTION

Driftwood LNG and Driftwood Pipeline are the developers of the proposed Driftwood LNG facility and Driftwood pipeline, a liquefied natural gas export terminal and associated interstate natural gas pipeline, respectively (collectively, the "Project") in Louisiana. The

Project will enable Driftwood Pipeline to transport natural gas to the LNG facility, and Driftwood LNG to liquefy the natural gas and export liquefied natural gas to foreign markets. The LNG facility is currently under construction on the Calcasieu River, near Lake Charles, Louisiana.

On May 3, 2019, the U.S. Army Corps of Engineers ("Corps") granted Driftwood a permit, MVN-2016-01501-WII, authorizing it to "[c]lear, grade, excavate and place fill material to construct the Driftwood LNG facility, access roads, appurtenant structures, and Driftwood Pipeline," in accordance with plans submitted to the Corps (the "Permit"). *See* Pet. For Rev., Ex. A. at 1. The Permit states that Driftwood is "authorized to undertake" the work "pursuant to" Section 404 of the Clean Water Act, 33 U.S.C. § 1413. *Id*. at 2.

The Sierra Club did not file comments or objections to the Corps regarding the Permit. More than three (3) years later, however, on July 19, 2022, the Sierra Club and Healthy Gulf (Petitioners) filed a petition for review of the Permit in this Court. *See* Pet. For Rev.

Driftwood LNG and Driftwood Pipeline are the applicants for and recipients of the Permit now challenged by Petitioners in this Court,

and they are the entities that are currently constructing and will operate the Project. As such, Driftwood has a direct and immediate interest in this petition for review. Any effect on the Permit would result in delays, logistical challenges, additional costs, and disruption to the Project. Driftwood will therefore be directly affected by the outcome of this matter and has a substantial interest in this case that cannot be adequately represented by any other party.

Counsel for Driftwood has conferred with counsel for Respondents and Petitioners. Both are unopposed to this motion, and this motion is timely filed. For this and the further reasons described below, Driftwood is entitled to intervene in this case as of right. In the alternative, Driftwood should be granted permissive intervention.

## ARGUMENT

Because Driftwood satisfies all of the requirements for intervention, this unopposed motion should be granted.

### A. Driftwood Satisfies the Requirements for Intervention As Of Right.

A party's entitlement to intervention as of right depends on four factors: (1) whether the motion is "timely"; (2) whether the movant "claims an interest relating to the property or transaction that is the

subject of the action"; (3) whether the movant "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) whether "existing parties adequately represent th[e movant's] interest." Fed. R. Civ. P. 24(a). As this Court has explained, "[a] court '*must* permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.'" *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (citing Fed. R. Civ. P. 24) (emphasis added).[1]

Pursuant to the criteria set forth in the Federal Rules of Civil Procedure, along with this Court's Local Rules, Driftwood is entitled to intervene as of right: (1) Driftwood has timely applied to intervene

[1] Federal Rule of Appellate Procedure 15(d) provides that a motion to intervene "must contain a concise statement of the interest of the moving party and the grounds for intervention." Because Rule 15(d) does not specify a "standard for resolving intervention questions," this Court considers "the policies underlying intervention in the trial courts pursuant to Fed. R. Civ. P. 24" when determining eligibility for intervention in administrative appeals. *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985).

through this filing; (2) Driftwood has a direct interest in the Permit challenged by Petitioners; (3) Driftwood will be impeded in protecting its interest if this Court disposes of the action in its absence; and (4) Driftwood is not adequately represented by the existing parties.[2]

***The motion is timely.*** To begin, this Motion is timely because it was filed "promptly after the petition for review of the agency proceeding [was] filed, but not later than 14 days prior to the due date of the brief of the party supported by the intervenor." Fifth Cir. Rule 15.5. Moreover, this Motion has been filed within 30 days of the filing of the petition for review (on July 19, 2022). *See* Fed. R. App. P. 15(d).

***Driftwood has a direct interest in this case.*** With respect to the second intervention factor, Driftwood unquestionably has a direct and substantial interest in the "property or transaction" at issue in the petition for review. Driftwood is the owner and developer of the Project, which is the subject of the Permit that the Petitioners now ask this

---

[2] Notably, in proceedings for review of Orders of the Federal Energy Regulatory Commission, this Court's local rules permit an entity that was a party to the underlying commission proceeding to intervene simply "by filing a notice of intervention." Fifth Cir. Rule 15.3.3. Here, as the party that obtained the Permit before the Corps, Driftwood's entitlement to intervene is equally obvious.

Court to review. The Project is a critical component of Driftwood's business, and Driftwood has already invested millions of dollars and substantial resources in the Project's development. Driftwood would suffer significant financial loss and damage to its business if Petitioners succeed in vacating or modifying the Permit, or otherwise delaying work authorized by the Permit.

Because the relevant "transaction" is the Corps' issuance of a Permit to Driftwood, and the relevant "property" is the Project, which are the subject of the Permit, it is uncontestable that Driftwood satisfies the interest requirement for intervention as of right. *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) ("Property interests are the quintessential rights Rule 24(a) protects….").[3]

***Disposition of this case in Driftwood's absence will impair Driftwood's ability to protect its interests***. To satisfy the third

[3] Even though "there is no Article III requirement that [proposed] intervenors have standing" where, as here, they seek to intervene in support of a party that itself has standing and seek the same relief, *Newby v. Enron Corp*., 443 F.3d 416, 422 (5th Cir. 2006), Driftwood's standing is "self-evident" because, as the entity to which the Corps granted the Permit in question in this case, it is the "object of the action" taken by the Corps and contested by Petitioners, *Sierra Club v. EPA*, 292 F.3d 895, 899-900 (D.C. Cir. 2002).

factor, Driftwood need only show that an unfavorable disposition of this action "may as a practical matter impair or impede" its ability to protect its interests. Fed. R. Civ. P. 24(a)(2). Driftwood clearly satisfies this factor. If Petitioners were to obtain relief from this Court that affected Driftwood's ability to construct or eventually operate the pipeline or LNG facility, Driftwood would suffer significant financial harms from the disruption of its planned schedule for construction, the delay of eventual operation of the facility, and disruption to its existing supply contracts.

And if Petitioners were to obtain relief from this Court resulting in the vacatur or modification of the Permit, Driftwood would suffer severe adverse economic and practical effects as the Project's developer and owner. Such harms could include (but are not limited to) delay or potential interruption of construction or operation, additional costs, and lost revenue and ability to meet existing contractual obligations if construction and operation were delayed or otherwise impeded.

This Court and others have routinely allowed similarly situated permit holders to intervene in similar proceedings pursuant to 15 U.S.C. § 717r(d)(1) involving a project opponent's challenge to

environmental permits or approvals for natural gas infrastructure projects. *See, e.g.*, Order, *Shrimpers & Fishermen of the RGV v. U.S. Army Corps of Eng'rs* (5th Cir. No. 20-60281), Doc. 515406632 (May 6, 2020) (granting pipeline company owner's unopposed motion to intervene in § 717r(d)(1) case challenging a Permit issued by the Corps); Order, *Sierra Club v. U.S. Army Corps of Eng'rs* (4th Cir. No. 18-1173), Doc. 10 (Feb. 16, 2018) (granting pipeline company's unopposed motion to intervene in § 717r(d)(1) case concerning challenge to an order of the Corps).

***The Corps does not adequately represent Driftwood's interests***. With respect to the fourth factor, Driftwood's interests are not adequately represented by existing parties. None of the parties to this matter dispute this, and instead have all expressly consented to Driftwood's intervention.

In any event, the showing required as to this factor is "minimal" and "not a substantial one." *Brumfield*, 749 F.3d at 345. A movant need only show that "the representation *may* be inadequate." *Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015) (emphasis added). That requirement is easily satisfied here because the Government's

interests in this matter are distinct from Driftwood's. The overarching interests of the Corps in this litigation concern the proper administration and implementation of the Rivers and Harbors Act and the Clean Water Act. While Driftwood and the Corps share an interest in the Project's environmental impact, the Government's interests do not include Driftwood's more specific financial and business objectives, Driftwood's investor interests, or Driftwood's contractual obligations to customers.

This divergence of interests could lead to divergent litigation strategies. For example, Driftwood would have a greater interest than, and potentially differing strategy from, the Corps in opposing any potential delay associated with these proceedings, because Driftwood would incur significant costs and logistical disruption from a delay in construction or operation, the potential vacatur of the Permit, or the modification of if its terms and conditions.

Thus, Driftwood's interests diverge from those of the Corps, and Driftwood will not be adequately represented by the existing parties to this case. *See Brumfield*, 749 F.3d at 346 (fourth intervention factor satisfied where the government has "more extensive interests" in the

case than the proposed intervenor's "economic concerns"); *Wal–Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) (fourth intervention factor satisfied where the agency's "broad public mission" diverges from intervenor group's interest in "protecting its members' businesses").

Finally, Driftwood's participation will assist this Court. As the company performing the work authorized by the Permit, Driftwood is uniquely positioned to advise this Court on the impact of this litigation both to the Project and to the environment. Among other things, Driftwood is in a better position than the Corps to discuss the harm to the Project, and to Driftwood itself, that would arise from any action this Court could take with respect to the Permit or its terms. Throughout, Driftwood will endeavor to coordinate with the Corps to avoid duplicative briefing and to ensure that its participation will be helpful to this Court.

### B. In The Alternative, The Court Should Grant Permissive Intervention.

Alternatively, this Court should grant Driftwood permissive intervention. "[T]he court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of

law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, Driftwood's "defense" of its Permit plainly shares "common question[s]" of both law and fact with the existing action, *id.*, and Driftwood's participation will not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), as demonstrated by both parties' consent to Driftwood's intervention. Thus, if this Court does not grant Driftwood intervention as of right, it should grant it permissive intervention.

## CONCLUSION

For the reasons set forth above, this Court should grant Driftwood leave to intervene in this proceeding as party-respondents.

August 4, 2022

Respectfully submitted,

*/s/Robert M. Loeb*

Robert M. Loeb
Lisa M. Tonery
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
(202) 339-8400
rloeb@orrick.com

*Counsel for Driftwood LNG LLC and Driftwood Pipeline LLC*

Gregory G. Garre
LATHAM & WATKINS LLP
555 11th Street NW
Suite 1000
Washington, DC 20004
(202) 637-2207
gregory.garre@lw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on August 4, 2022, I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/Robert M. Loeb*
Robert M. Loeb
*Counsel for Driftwood LNG LLC and Driftwood Pipeline LLC*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 2,092 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/Robert M. Loeb*
Robert M. Loeb
*Counsel for Driftwood LNG LLC and Driftwood Pipeline LLC*